## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This agreement is made between Walter Anderson, Ella Carroll-Price, Brandi Williams, and Phil Rosenblatt ("Employees") and Max Score Credit LLC, Sharon Craig, and their affiliates, subsidiaries, parent, predecessors, successors and assigns, and their officers, directors, trustees, employees, agents, attorneys, representatives, insurers, employee benefit plans, fiduciaries, and administrators (past, present and future) (individually and collectively referred to as "the Employer"). The parties hereby represent as follows:

WHEREAS, Employees have filed a lawsuit for unpaid overtime wages, owed wages for all hours worked, and violations of 26 U.S.C. § 7434 for fraudulent tax information returns ("the Tax Claim"), No. ADC-17-cv-0924, against the Employer;

WHEREAS, the Employer denied any liability to Employees and denied that the Employees were owed any wages; and

WHEREAS, the parties hereto now desire to resolve all issues between them;

NOW, THEREFORE, in consideration of the promises and payments stated, and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged by each of the parties and who intend to be legally bound by this Settlement Agreement and General Release ("Agreement"), the parties state and agree as follows:

1. The Employer shall provide Employees with the following payments ("Settlement Payments") and benefits to which they are not otherwise entitled, and which are exchanged for Employees' agreements, covenants, waivers and releases contained in this Agreement:

   a. Payment to Walter Anderson in settlement of his overtime claim in the amount of eight-thousand seven-hundred and fifty dollars and zero cents ($8,750.00) and his Tax Claim in the amount of five-thousand dollars and zero cents ($5,000.00), for a total settlement amount of thirteen-thousand seven-hundred and fifty dollars and zero cents ($13,750.00). The Employer will issue a 1099 Form to Walter Anderson regarding this payment.

   b. Payment to Ella Carroll-Price in settlement of her overtime claim in the amount of three-thousand seven-hundred and fifty dollars and zero cents ($3,750) and her Tax Claim in the amount of five-thousand dollars and zero cents ($5,000.00), for a total settlement amount of eight-thousand seven-hundred and fifty dollars and zero cents ($8,750.00). The Employer will issue a 1099 Form to Ella Carroll-Price regarding this payment.

   c. Payment to Brandi Williams in settlement of her overtime claim in the amount of three-thousand seven-hundred and fifty dollars and zero cents ($3,750.00) and her Tax Claim in the amount of five-thousand dollars and zero cents ($5,000.00), for a total settlement amount of eight-thousand seven-hundred and fifty dollars and zero cents ($8,750.00). The Employer will issue a 1099 Form to Brandi Williams regarding this payment.

      d.      Payment to Phil Rosenblatt in settlement of his overtime claim in amount of three-thousand seven-hundred and fifty dollars and zero cents ($3,750.00) and his Tax Claim in the amount of five-thousand dollars and zero cents ($5,000.00), for a total settlement amount of eight-thousand seven-hundred and fifty dollars and zero cents ($8,750.00). The Employer will issue a 1099 Form to Phil Rosenblatt regarding this payment.

      e.      Payment in the amount of fifteen-thousand dollars ($15,000.00) for attorneys' fees, which will be issued in a check made payable to Lebau & Neuworth, LLC. The Employer will issue a 1099 Form to Employees' attorneys regarding this payment.

      f.      Employees agree that they shall be responsible for any and all state and federal tax obligations related to their individual Settlement Amounts. Employees further agree that they shall indemnify Employer against claims of any nature by either the Internal Revenue Service or any State or local taxing authority arising out of any alleged failure by Employer to make withholdings from all portions of the Settlement Amount.

2. The parties agree that the above Settlement Payments will be paid by the Employer in equal installments over 24 months by dividing each Employees' Settlement Payment and the attorney's fees to be paid to Lebau & Neuworth, LLC ("Attorney Fees") into 24 payments. Thus, each month, for 24 months, the Employer will issue checks payable to each individual Employee, and their attorneys, in the following amounts:

      a.      Walter Anderson: $572.93 per month (with the final payment to be made in the amount of $572.61).

      b.      Ella-Carroll-Price: $364.58 per month (with the final payment to be made in the amount of $364.66).

      c.      Brandi Williams: $364.58 per month (with the final payment to be made in the amount of $364.66).

      d.      Phil Rosenblatt: $364.58 per month (with the final payment to be made in the amount of $364.66).

      e.      Attorney Fees to Lebau & Neuworth, LLC: $625.00 per month.

3. The Employer will issue the monthly Settlement Payments made payable to the individual Employees to which the payments are being made. All Settlement Payments will be mailed to Lebau & Neuworth LLC, c/o Devan M. Wang Esq., 606 Baltimore Ave, Suite 201, Towson, Maryland 21204.

4. Employer will begin issuing the Settlement Payments on the first month after the Effective Date of this Agreement. Settlement Payments are due on or before the 24th day of each month, and must be received by the Employees' attorney at Lebau & Neuworth LLC on or

before the 24th day of each month. The Effective Date of this Agreement shall be the date that the court grants approval of the Agreement.

 5. In the event that the Employer defaults on any payment by either failing to pay the monthly amount or only partially paying the monthly amount, the Employer will be notified by the Employees' attorneys of the default in writing and the Employer will have 30-days from the date of the notice to cure any deficiency, in addition to the next scheduled payment(s) due. In the event the Employer fails to fully pay for two months after receiving a notice to cure, the total amount due to the Employees will be accelerated and will be due and owing on or before the next scheduled payment date.

 6. In the event that the Employer fails to cure a deficient payment, as described in Paragraph 5, the Employer agrees to execute the Confessed Judgment Promissory Note attached as Attachment A for the total remaining amount due and owing to the Employees.

 7. In exchange for the consideration extended to Employees by the Employer, as set forth in Paragraph 1 of this Agreement, Employees hereby release and discharge the Employer from any and all causes of action, known or unknown, including but not limited to all claims arising out of or in any way relating to Employees' employment or termination, including but not limited to any claims for alleged claims arising in contract or tort, or any rights or claims arising out of Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act, Section 1981 of the Civil Rights Act of 1866, the Americans with Disabilities Act, as amended, the Genetic Information Non-Discrimination Act, the Family and Medical Leave Act, as amended, the National Labor Relations Act, the Employee Retirement Income Security Act ("ERISA") and any employee benefit plan sponsored by the Employer which is not subject to ERISA, the anti-discrimination provisions of the Maryland Code, or any other federal, state or municipal law or ordinance relating to discrimination in employment, or any other law or regulation, known or unknown to her at the time of the executions of this Agreement, saving and excepting, however, any and all obligations of or claims against the Employer arising by virtue of the terms and conditions of this Agreement.

 8. Notwithstanding the general release above, Employees do not waive any rights or claims that may arise after their execution of this Agreement, claims that may arise as a result of this Agreement, or claims that may not be waived as a matter of law. Employees understand and agree that the General Release set forth in Paragraph 7 does not prohibit them from filing a charge or complaint with any governmental administrative agency (such as the EEOC or OSHA), however, Employees waive the right to receive any individualized relief, such as reinstatement, backpay, or other damages, in a lawsuit or administrative action brought by a governmental administrative agency or third party on her behalf.

 9. Should Employees require a reference for future employment, future employers shall direct requests in writing to Sharon Craig at Max Score Credit LLC, 1700 Reisterstown Rd. Suite 223, Pikesville, MD 21208. In response to such a request, Employer will provide a neutral reference consisting only of the Employee's last job title and dates of employment, per its practice.

10. Employees warrant that they have no actions pending against the Employer, including but not limited to actions before any court, administrative agency, government agency, board, or commission other than 17-cv-0924-ADC.

11. It is specifically understood that the settlement of Employees' claims shall not be construed as an admission by the Employer of any violation of any law, or any federal, state or local statute or regulation, or of any duty owed by the Employer to Employees, all of which the Employer has expressly denied, but rather the Agreement is made so that the Parties can avoid the time, expense, and burden of litigation.

12. The Parties agree that they will not disclose the terms of this Agreement beyond that required for court approval. Notwithstanding this provision, Employees may apprise their families, attorneys, and/or tax consultants of the terms of this Agreement.  If Employees are compelled to disclose matters covered by this Agreement pursuant to a valid subpoena, they will not be in violation of this paragraph.  In that event, however, the Employee(s) must provide reasonable notice to the Employer of service of such a subpoena, through their attorney, in order to allow the other party to move to quash the subpoena.  In the event that a breach of confidentiality is found by the Court, any party breaching this Agreement will forfeit their right to any remaining Settlement Payments. The prevailing party may move for attorneys' fees and costs in the event of an alleged breach of this confidentiality clause.

13. The parties agree not to disparage each other with respect to this litigation.

14. The parties agree that this Agreement shall be binding upon and inure to the benefit of the assigns, heirs, executors, and administrators of Employee and the officers, directors, employees, agents, affiliates, predecessors, successors, purchasers, assigns, and representatives of the Employer, that this Agreement contains the entire agreement and understanding of the parties, that there are not additional promises or terms among the parties other than those contained herein, and that this Agreement shall not be modified except in writing signed by each of the parties.

15. By signing this Agreement, Employees understand that their waiver and release of claims in this Agreement includes claims under the Age Discrimination in Employment Act (ADEA).  In accordance with the Older Worker Benefits Protection Act and ADEA:

    (a)    <u>Time to consider this Agreement</u>.  Employees acknowledge that they have been provided with a copy of this Agreement and have been given reasonable time (5 days) in which to review and consider the Agreement, although they may sign it sooner if they wish.  The parties agree that any changes, whether material or immaterial, that might be made to this Agreement after it is provided to Employees shall not extend or restart the consideration period.

    (b)    <u>Legal counsel.</u>  Employees are advised to consult with an attorney prior to signing this Agreement.

(c) <u>When the terms become effective</u>. The terms of the Agreement shall become final and binding upon Employer's receipt of this Agreement signed by Employees and the court's approval of the Agreement.

IN WITNESS WHEREOF, parties hereto have signed and sealed their Agreement.

**THE UNDERSIGNED STATE THAT THEY HAVE CAREFULLY READ THE FOREGOING SETTLEMENT AGREEMENT AND GENERAL RELEASE, KNOW THE CONTENTS THEREOF, AND HAVE DISCUSSED THESE CONTENTS WITH COUNSEL OF THEIR CHOOSING AND ENTERED INTO THIS AGREEMENT VOLUNTARILY AND WITHOUT COERCION.**

_/s/ Walter Anderson_
Walter Anderson

Date: 11/23/17

_____
Sharon Craig - Individually and on behalf of Max Score Credit, LLC

Date:

_____
Ella Caroll-Price

Date:

_____
Brandi Williams

Date:

_____
Phil Rosenblatt

Date:

5

      (c)    <u>When the terms become effective</u>. The terms of the Agreement shall become final and binding upon Employer's receipt of this Agreement signed by Employees and the court's approval of the Agreement.

IN WITNESS WHEREOF, parties hereto have signed and sealed their Agreement.

**THE UNDERSIGNED STATE THAT THEY HAVE CAREFULLY READ THE FOREGOING SETTLEMENT AGREEMENT AND GENERAL RELEASE, KNOW THE CONTENTS THEREOF, AND HAVE DISCUSSED THESE CONTENTS WITH COUNSEL OF THEIR CHOOSING AND ENTERED INTO THIS AGREEMENT VOLUNTARILY AND WITHOUT COERCION.**

_____  
Walter Anderson

Date:

_____  
Sharon Craig - Individually and on behalf of Max Score Credit, LLC

Date:

_____  
Ella Caroll-Price *(signed)*

Date: 11/22/17

_____  
Brandi Williams

Date:

_____  
Phil Rosenblatt

Date:

5

(c) When the terms become effective. The terms of the Agreement shall become final and binding upon Employer's receipt of this Agreement signed by Employees and the court's approval of the Agreement.

IN WITNESS WHEREOF, parties hereto have signed and sealed their Agreement.

**THE UNDERSIGNED STATE THAT THEY HAVE CAREFULLY READ THE FOREGOING SETTLEMENT AGREEMENT AND GENERAL RELEASE, KNOW THE CONTENTS THEREOF, AND HAVE DISCUSSED THESE CONTENTS WITH COUNSEL OF THEIR CHOOSING AND ENTERED INTO THIS AGREEMENT VOLUNTARILY AND WITHOUT COERCION.**

_____
Walter Anderson

Date:

_____
Sharon Craig - Individually and on behalf of Max Score Credit, LLC

Date:

_____
Ella Caroll-Price

Date:

_/s/ Brandi Williams_____
Brandi Williams

Date: 11/22/17

_____
Phil Rosenblatt

Date:

5

(c) <u>When the terms become effective</u>. The terms of the Agreement shall become final and binding upon Employer's receipt of this Agreement signed by Employees and the court's approval of the Agreement.

IN WITNESS WHEREOF, parties hereto have signed and sealed their Agreement.

**THE UNDERSIGNED STATE THAT THEY HAVE CAREFULLY READ THE FOREGOING SETTLEMENT AGREEMENT AND GENERAL RELEASE, KNOW THE CONTENTS THEREOF, AND HAVE DISCUSSED THESE CONTENTS WITH COUNSEL OF THEIR CHOOSING AND ENTERED INTO THIS AGREEMENT VOLUNTARILY AND WITHOUT COERCION.**

_____
Walter Anderson

Date:

_____
Sharon Craig - Individually and on behalf of Max Score Credit, LLC

Date:

_____
Ella Caroll-Price

Date:

_____
Brandi Williams

Date:

_____
Phil Rosenblatt

Date: 11/22/2017

5

    (c)    <u>When the terms become effective</u>.  The terms of the Agreement shall become final and binding upon Employer's receipt of this Agreement signed by Employees and the court's approval of the Agreement.

IN WITNESS WHEREOF, parties hereto have signed and sealed their Agreement.

**THE UNDERSIGNED STATE THAT THEY HAVE CAREFULLY READ THE FOREGOING SETTLEMENT AGREEMENT AND GENERAL RELEASE, KNOW THE CONTENTS THEREOF, AND HAVE DISCUSSED THESE CONTENTS WITH COUNSEL OF THEIR CHOOSING AND ENTERED INTO THIS AGREEMENT VOLUNTARILY AND WITHOUT COERCION.**

_____       _Sharon Craig_ (signature)

Walter Anderson      Sharon Craig - Individually and on behalf of Max Score Credit, LLC

Date:      Date: 11/16/17

_____

Ella Caroll-Price

Date:

_____

Brandi Williams

Date:

_____

Phil Rosenblatt

Date:

5

# ATTACHMENT A

## CONFESSED JUDGMENT PROMISSORY NOTE

Amount: $55,000.00                                               Date: November ___, 2017

**FOR VALUE RECEIVED**, Max Score Credit LLC, Sharon Craig, and their affiliates, subsidiaries, parent, predecessors, successors and assigns (past, present and future) (individually and collectively referred to as "the Employer") hereby promises to pay Walter Anderson, Ella Carroll-Price, Brandi Williams, and Phil Rosenblatt ("Employees") and their attorneys at Lebau & Neuworth LLC, the principal remaining sums ("the Payments") in the amounts of:

1. $13,750.00 to Walter Anderson
2. $8,750.00 to Ella Carroll-Price
3. $8,750.00 to Brandi Williams
4. $8,750.00 to Phil Rosenblatt
5. $15,000.00 for attorney's fees to Lebau & Neuworth, LLC

The Payments set forth above will be made payable to the Employee to whom the payment is issued. The attorney's fees will be made payable to Lebau & Neuworth, LLC. All Payments will be mailed to Lebau & Neuworth LLC, c/o Devan M. Wang Esq., 606 Baltimore Ave, Suite 201, Towson, Maryland 21204. The Payments are due on or before the 24th of each month.

This Confessed Judgment Promissory Note is made in conjunction with a Settlement Agreement and General Release between the parties of this same date, and is in effect only if Employer is in default of the payment terms set forth in the Settlement Agreement and General Release and remains in default after the period of cure of a default. This Confessed Judgment Promissory Note contains the same payments and schedule of payments as set forth in the Settlement Agreement and General Release, and the amounts owed and to be recovered under this Confessed Judgment Promissory Note are decreased by payments made pursuant to the Settlement Agreement and General Release.

1. **Default**.

    (a)     A default under this Confessed Judgment shall occur (i) if there is a failure to make any portion of the Payments within twenty (20) days of their due date, and the continuance of such failure to pay for a period of ten (10) days after written notice of such failure is given by Employees, through their attorney, to Employer, through their attorney, and this occurs twice and on the second time, payment is not made within the ten (10) days after written notice of such failure; or (ii) if Employer commits any act of bankruptcy, or makes a general assignment for the benefit of creditors, or shall file any petition or action under any bankruptcy, insolvency or moratorium law, or any other law or laws for the relief of, or relating to, debtors; or (iii) if there shall be filed any insolvency petition under any bankruptcy statute against Employer or there shall be appointed any receiver or trustee under similar laws to take possession of any property of Employer, and any such assignment, petition or appointment is not

1

set aside or withdrawn or does not cease within sixty (60) days from the date of such assignment, filing or appointment.

(b) In the event of a default under Paragraph 1(a) hereof, after the applicable cure period has expired, at the option of the Employees, the entire unpaid principal sum hereof, together with accrued interest, where applicable, shall become immediately due and payable in full.

(c) Employer waives presentment, demand and presentation for payment, notice of non-payment and dishonor, protest and notice of protest and expressly agrees that this Confessed Judgment or any payment hereunder may be extended from time to time without in any way affecting the liability of Employer. The holder hereof shall not be deemed, by any act of omission or commission, to have waived or relinquished any of such holder's rights or remedies hereunder, unless such waiver or relinquishment is in writing and signed by such holder and then only to the extent specifically set forth in such writing. A waiver or relinquishment of any right or remedy with respect to one event of default shall not be construed as continuing, nor as a bar to or waiver or relinquishment of any right or remedy with respect to a subsequent event of default. The Employer hereby declares that it voluntarily, knowingly and intelligently makes this waiver of the right to notice except as herein stated and in the Settlement Agreement and General Release, and the right to prejudgment hearing on the merits of Employees' right to the payment of all sums then unpaid under this Confessed Judgment at the time of such confession of judgment, that, with the exception of Employees' breach of the Settlement Agreement and General Release, there exists no defense to the debt underlying this Confessed Judgment, and further that the Employer is well experienced in matters of commercial transactions. Stay of execution is hereby waived, and the exemption of personal property from levy and sale on any execution is also expressly waived.

(d) In the event of default and the placement of this Confessed Judgment in the hands of an attorney for collection, Employer agrees to pay all collection costs and expenses, including reasonable attorneys' fees.

2. **Late Charge**. If Employer fails to make timely payment of the Payments when due, Employer shall be assessed a late charge equal to one percent (1%) of the total of each of the Payments for each thirty (30) day period [but not to exceed a total of five percent (5%) for each Payment], or a portion thereof, following the due date of the Payments. For this purpose, the Payments shall be considered to be timely paid if delivered personally within seven (7) calendar days, or mailed before midnight of the seventh day after the due date of the Payments.

3. **Governing Law**. The validity and construction of this Confessed Judgment and all matters pertaining hereto are to be determined in accordance with the laws of the State of Maryland, without regard to its conflict of law or choice of law principles. Paragraph titles or captions contained in this Confessed Judgment are inserted for convenience of reference only and shall in no way define, limit, extend or describe the scope of this Confessed Judgment or the intent of any provisions hereof.

4. **Notices**. Unless written notice of change of address is sent to Lebau & Neuworth, LLC c/o Devan M. Wang by U.S. First-Class mail and Email, at 606 Baltimore Ave, Suite 201, Towson, Maryland 21204 and dw@joblaws.net, all notices, demands and other communications to be made or given in connection with this Confessed Judgment shall be made in writing and shall be delivered personally or sent by U.S. First-Class mail and Email mail as follows: Employer's attorney, Donna King, Esq., Law Office of Donna King, 309 W. Pennsylvania Avenue, Towson, Maryland 21204, dking@dking-law.com.

5. **Binding Effect**. This Confessed Judgment shall be binding upon, and inure to the benefit of the Employees and their respective successors, assigns, heirs, legatees, executors, administrators, estate and personal and legal representatives.

7. **Confessed Judgment Clause.** In the event of a Default as herein defined and/or provided, the undersigned hereby authorize any attorney to appear for them in any court of record in the State of Maryland and waive the issuance and service of process and confess a judgment against them in favor of the holder of this Confessed Judgment for the amount of this Judgment. Stay of execution is hereby waived.

8. **Miscellaneous**.

(b) All payments hereunder shall be applied first to unpaid collection costs, expenses and late charges, if any, then to accrued and unpaid interest, and then to the payment of principal.

(c) The Employer is jointly and severally liable on this Confessed Judgment and any holder may elect at its own discretion to enforce it against any one or combination of the Employer.

WITNESS                         EMPLOYER:

_____       _____  11/27/17
                                Sharon Craig                Date
                                *Individually*

_____       _____  11/27/17
                                Sharon Craig                Date
                                *On behalf of Max Score Credit, LLC*

3